UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARIAN HALL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19-cv-8-JCH |
| UNKNOWN BILSKEY, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Darian Hall, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $14.90. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims against each defendant, and direct the Clerk of Court to issue process upon each defendant in his individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $74.50, and an average monthly balance of $66.22. The Court will therefore assess an initial partial filing fee of $14.90, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation.").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe

the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Jefferson City Correctional Center, but at the time of the events giving rise to the complaint, he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). His complaint lists three defendants: Unknown Bilskey, Unknown Wells, and Unknown Purcell, all of whom are ERDCC correctional officers. Plaintiff sues the defendants in their official and individual capacities.

According to the complaint, on May 1, 2018, plaintiff "felt suicidal and was on the verge of committing suicide." (Docket No. 1 at 5). A few weeks prior to that date, plaintiff had attempted suicide by hanging. He asked to be put on suicide watch, but Bilskey replied, "I don't care, I go home in a couple minutes. I'm not stopping you from killing yourself." *Id.* Bilskey then laughed and walked away. Plaintiff then told Purcell that he was suicidal, and Purcell replied, "Do what you gotta do man," and walked away, telling plaintiff to inform the next shift. *Id.* Plaintiff then told Wells he was suicidal, and Wells replied "stop that stupid shit Hall I'm busy right now." *Id.*

Plaintiff then attempted suicide by hanging, and almost died. Paramedics transported plaintiff via ambulance, and "drilled a hole" in his shin bone in order to start an IV. *Id.* at 5-6. He was hospitalized in the intensive care unit for approximately two days. He now has a

3

permanent neck injury, and a leg injury. He also claims his mental health symptoms have increased, and he takes psychotropic medication. He seeks monetary relief.

**Discussion**

It is well established that the Eighth Amendment protects prisoners from deliberate indifference to serious medical needs, *Estelle*, 429 U.S. at 104, including the risk of suicide. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Rellegert by Rellegert v. Cape Girardeau County, Mo.*, 924 F.2d 794 (8th Cir. 1991)). Deliberate indifference is akin to criminal recklessness, and requires something more than mere negligent misconduct: a plaintiff must show that a prison official actually knew that the inmate faced a substantial risk of serious harm, and did not respond reasonably to that risk. *A.H. v. St. Louis County, Missouri,* 891 F.3d 721, 726 (8th Cir. 2018) (citing *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2005) and *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994)).

Here, plaintiff has adequately alleged that he was a known suicide risk, and also that he told each defendant that he felt suicidal and intended to commit suicide. The Court therefore concludes that plaintiff has adequately alleged that each defendant actually knew that he faced a substantial risk of serious harm. Plaintiff also alleges that when he told each defendant that he felt suicidal and intended to commit suicide, each defendant responded dismissively and took no action. Finally, plaintiff alleges that he then attempted suicide and suffered serious injury. The Court concludes that plaintiff has adequately alleged that each defendant failed to respond reasonably to the substantial risk of serious harm. The Court therefore concludes that plaintiff has stated a plausible Eighth Amendment claim against the named defendants, and will require them to respond to the complaint in their individual capacities. However, the Court will dismiss plaintiff's official capacity claims against the defendants. Naming a government official in his

official capacity is the equivalent of naming the government entity that employs him, which in this case is the State of Missouri. Neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $14.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Unknown Bilskey, Unknown Wells, and Unknown Purcell are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with

the Missouri Attorney General's Office, as to defendants Unknown Bilskey, Unknown Wells, and Unknown Purcell in their individual capacities.

Dated this  15th   day of February, 2019.

>  \s\ Jean C. Hamilton
>  JEAN C. HAMILTON
>  UNITED STATES DISTRICT JUDGE